FOURTH DISTRICT—APRIL, 1917.    323

Farmers State Bank of Tamaroa v. Blanchard, 206 Ill. App. 323.

---

## Farmers State Bank of Tamaroa, Illinois, Appellant, v. Mark Blanchard, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Perry county; the Hon. LOUIS R. KELLY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Trial of right of property taken under execution by the Farmers State Bank of Tamaroa, Illinois, plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff, against Mark Blanchard, defendant. From a judgment for defendant, plaintiff appeals.

W. L. COLEY and W. O. EDWARDS, for appellant.

B. W. POPE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 15*—*when sale of goods in bulk by agent is invalid.* Where a debtor assigned his stock of goods and accounts to a particular creditor in trust for the purpose of carrying on the business, selling the stock and paying debts without compliance with the Bulk Sales Act and the stock was sold in bulk at public sale without compliance with the provisions of the law, *held* that, as the assignee was the agent of the debtor, he had no more right to sell the stock in bulk without compliance with the provisions of the law than his principal had.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 25*—*when assignment invalid as against creditors not assenting thereto.* An assignment by a debtor of its entire stock of goods, furniture and accounts to a particular creditor for the purpose of carrying on the business collecting the accounts, selling the stock, distributing the proceeds among creditors and returning the balance, if any, to the debtor, although notice is given to known creditors of the assignment, is not valid as a statutory assignment as against creditors not assenting thereto.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 25*—*when assignment not valid as common-law assignment against creditors not assenting thereto.* An assignment by a debtor of its entire stock of goods, furniture and accounts to a particular creditor for the purpose of carrying on the business, collecting the accounts, selling the stock, distributing the proceeds among creditors and returning the balance, if any, to the debtor, although notice is given to known creditors, is not valid as a common-law assignment against creditors not assenting thereto.

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 17*—*what is effect of statute on common-law assignment.* Since the enactment of the statute regulating assignments for the benefit of creditors, valid

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

assignments can now only be made under that statute, and, when so made, the estate must be administered and distributed substantially in conformity with its provisions, and therefore when a so-called common-law assignment is made, the law steps in and controls the distribution of the assets.

5. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 25*—*when evidence insufficient to show consent by creditor to assignment.* On a trial of right of property consisting of stock of goods purchased in bills at a sale from an agent of the debtor, to whom an assignment had been made in trust for the payment of debts, and which was levied upon by a creditor of the debtor, evidence *held* insufficient to show any consent by the creditor to the arrangement or sale so as to estop it from objecting as to such arrangement or sale.

6. PRINCIPAL AND AGENT, § 86*—*what authority can be given agent.* A principal cannot bestow upon the agent any greater authority concerning the subject-matter of the agency than the principal himself had.